**Yoram RAZ, Appellant,**

v.

**Andy LEE, Sheriff of Benton County, Defendant,**

**Robert M. Mueller, Director, Federal Bureau of Investigations, Appellee,**

Don Melton, Director, Arkansas
State Police, Defendant.

No. 03–1420.

United States Court of Appeals,
Eighth Circuit.

Submitted: Aug. 7, 2003.

Filed: Sept. 16, 2003.

Yoram Raz, Gentry, AR, pro se.

Charles E. Smith, Asst. U.S. Atty., Fort
Smith, AR, for appellee.

Before RILEY, HANSEN, and SMITH,
Circuit Judges.

PER CURIAM.

Yoram Raz appeals the district court's
dismissal, on sovereign immunity grounds,
of his constitutional action, We reverse and
remand.

Raz, a former Israeli citizen, filed a fee-
paid complaint naming FBI Director Rob-
ert Mueller in his official capacity and
claiming the FBI violated his "most funda-
mental Civil Rights." According to Raz,
the FBI continues to engage in what has
been a 15–year "campaign of Surveillance,
Operations and harassment" against him
based on his "expression of certain unpop-
ular political opinions" about the Israeli–
Arab conflict. Raz alleged FBI agents
have placed monitoring stations near his
residence; stalk him on a regular basis;
issue "ALERTS" to local law-enforcement
agencies so that he is immediately recog-
nized wherever he goes; performed an
illegal search of his Louisiana home in
October 1998; tapped his telephones and
planted electronic tracers in his car; have
caused him to be ostracized by issuing
"warnings" to stores and other businesses
he frequents; initiated rumors throughout
the community that Raz was a "spy" or
"subversive element," which resulted in in-
dividuals breaking into his home, hog-tying
him, and severely beating him; and turned
many of his acquaintances into spies work-
ing against him. Further, Raz alleged the
FBI's surveillance activities caused him
"stress" and "severe deterioration of
health and premature aging"; severely
limited his "ability to make new acquain-
tances and destroyed forever relationships
between friends"; interfered with his abili-
ty to re-marry and procreate as the ongo-
ing surveillance scares away potential
dates; made it nearly impossible to find
employment; forced him to relocate sever-
al times; and caused him severe bodily

injuries. Raz sought an injunction prohibiting Director Mueller and the FBI from continuing their violations of his constitutional rights.

Having reviewed the record and appellate briefs, we conclude the district court should not have dismissed Raz's fee-paid complaint based on sovereign-immunity grounds. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove "no set of facts" in support of claim which would entitle him to relief); *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995) (de novo review of sovereign immunity).

■ We conclude that Raz's cumulative allegations present justiciable claims under the Constitution. *See* 28 U.S.C. § 1331 (district courts have jurisdiction over all civil actions arising under Constitution); *Anderson v. Davila*, 125 F.3d 148, 160–63 (3d Cir.1997) (plaintiff stated viable claim against government where he alleged that government engaged in surveillance of him in retaliation for his exercise of First Amendment rights); *Clark v. Library of Cong.*, 750 F.2d 89, 91–99 (D.C.Cir.1984) (library worker investigated by FBI based solely on his political associations presented justiciable claim where worker alleged investigation caused him to lose employment opportunities). Further, the United States does not enjoy immunity from Raz's injunctive-relief action, because section 702 of the Administrative Procedure Act (APA) expressly waives sovereign immunity as to any action for nonmonetary relief brought against the United States. *See* 5 U.S.C. § 702 (action seeking relief other than money damages should not be dismissed on grounds that it is brought against United States); *Black Hills Inst. of Geological Research v. S.D. Sch. of Mines & Tech.*, 12 F.3d 737, 740 (8th Cir.1993) (citing *Specter v. Garrett*, 995 F.2d 404, 410 (3d Cir.1993) (holding that § 702's waiver of sovereign immunity is not limited to cases brought under APA), *rev'd on other grounds*, 511 U.S. 462, 114 S.Ct. 1719, 128 L.Ed.2d 497 (1994)), *cert. denied*, 513 U.S. 810, 115 S.Ct. 61, 130 L.Ed.2d 18 (1994); *Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir.1988) (§ 702 waiver is not dependent on application of APA; § 702 waiver is dependent only on suit being against government and being one for nonmonetary relief); *see also Presbyterian Church v. United States*, 870 F.2d 518, 524–25 (9th Cir.1989) (§ 702 waives sovereign immunity with respect to injunctive-relief action arising directly under Constitution).

Accordingly, we reverse the judgment of the district court and remand for further proceedings. We also deny the pending motion.